288 N.J. Super. 191 (1996)
672 A.2d 197
IN THE MATTER OF THE ADOPTION OF BARBARA DEAN MELLINGER, N/K/A BARBARA MELLINGER CHAIET.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1995.
Decided March 1, 1996.
*193 Before Judges PRESSLER, WEFING and ARIEL A. RODRIGUEZ.
Jack F. Trope, argued the cause for appellant Barbara Dean Mellinger (Sant'Angelo & Trope, attorneys).
The opinion of the court was delivered by ARIEL A. RODRIGUEZ, J.A.D.
This case presents a novel issue, the impact of federal remedial legislation on the confidentiality of New Jersey's adoption proceedings. The question is whether an adopted person of Indian heritage is entitled to obtain from the court that issued the adoption decree whatever information is in the sealed record establishing or helping to establish her tribal membership, including, if necessary the identity of the natural parents. We answer this question in the affirmative, holding that to the extent necessary to implement its policy, the Indian Child Welfare Act, 25 U.S.C. §§ 1901-1963 (ICWA), preempts the restricted-access provisions of N.J.S.A. 9:3-52(a).
Barbara Dean Mellinger, now Barbara Mellinger Chaiet (petitioner) was adopted by Jacob and Sophie Mellinger on May 21, 1948 by order of the Essex County Orphan's Court. Petitioner *194 knows that she was born on March 26, 1946 and was given the name Catherine A. by her natural mother B.A. who was of American-Indian and French descent. The Essex County Orphan's Court approved the adoption and changed her name to Barbara Dean Mellinger. The Children's Aid and Society For the Prevention of Cruelty to Children, a now defunct agency, was involved in the adoption.[1]
Pursuant to 25 U.S.C. § 1917, a section of ICWA, petitioner filed a motion for access to her court and agency adoption records in order to obtain the information necessary to pursue her membership in an Indian tribe. Such membership would give her and her children a number of benefits from the tribe and federal government.[2] Her adoptive parents and the custodian of the adoption agency's records do not object to the request.
The Chancery Division, Family Part, denied her request. The judge examined the records and confirmed that they revealed that petitioner's natural mother "was of French and Indian parentage." The judge observed that "the only other information which could be disclosed which might assist you ... is the name of your natural parents." However, the judge refused to disclose that information "since the [ICWA] does not direct this information to be given and since New Jersey law clearly prohibits the disclosure of the names of natural parents."
We disagree with the judge that the ICWA does not direct that this information be given. The ICWA is comprehensive *195 federal legislation dealing with the rights of Indian children, families, and tribes. The ICWA "was the product of rising concern in the mid-1970's over the consequences to Indian children, Indian families and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 32, 109 S.Ct. 1597, 1600, 104 L.Ed.2d 29, 36 (1989). A primary purpose of the ICWA is to preserve the tie between the Indian tribe and Indian child. Matter of Adoption of a Child of Indian Heritage, 111 N.J. 155, 166, 543 A.2d 925 (1988). The tribe and child have an interest in maintaining ties independent of the natural parents' interests. Choctaw at 49-53, 109 S.Ct. at 1608-11.
25 U.S.C. § 1917 provides,
Upon application by an Indian individual who has reached the age of eighteen and who was the subject of an adoptive placement, the court which entered the final decree shall inform such individual of the tribal affiliation, if any, of the individual's biological parents and provide such other information as may be necessary to protect any rights flowing from the individual's tribal relationship.
Part of the ICWA's legislative history, the Report of the Senate Select Committee on Indian Affairs, specifically addressed whether identifying information of natural parents should be provided under § 1917. The Report states,
It is the intent of this section as amended to authorize the release of only such information as is necessary to establish the child's rights as an Indian person. Upon a proper showing to a court that knowledge of the names and addresses of his or her natural parent or parents is needed, only then shall the child be entitled to the information under the provision of this section. (emphasis added)
[S.Rep. No. 597, 95th Cong., 1st Sess. 18 (1977)].
It is, therefore, clear that Congress intended that the ICWA override the State's interest in confidentiality of adoption records, where necessary, as part of a national policy recognizing the critical importance in preserving and protecting the essential tribal relations of Indian people.
Here, the judge has already determined that his review of the adoption records does not reveal a tribal affiliation and that *196 "the only other information which could be disclosed which might assist you ... is the names of your natural parents." Thus, petitioner's need for this information has been acknowledged. In short, she has made a proper showing of need for the information.
We also disagree with the judge that New Jersey law clearly prohibits disclosure of identifying information of petitioner's natural parents. There is no absolute prohibition in N.J.S.A. 9:3-52(a), which provides that
All records of proceedings relating to adoption, including the complaint, judgment and all petitions, affidavits, testimony, reports, briefs, orders and other relevant documents, shall be filed under seal by the clerk of the court and shall at no time be open to inspection or copying unless the court, upon good cause shown, shall otherwise order. (emphasis added)
The statutory language permits disclosure upon a showing of good cause. See Mills v. Atlantic City Dept. of Vital Statistics, 148 N.J. Super. 302, 372 A.2d 646 (Ch.Div. 1977) (requests for medical, hereditary or ethnic background information should be granted, absent some showing of compelling reasons not to reveal the information). See also Backes v. Catholic Family & Community Services, 210 N.J. Super. 186, 202-208, 509 A.2d 283 (Ch.Div. 1985), (adoptee failed to establish good cause for disclosure).
Here, the judge has already found that the identifying information of the natural parents is necessary to determine the natural mother's tribal affiliation. Although this constitutes good cause within the meaning of N.J.S.A. 9:3-52(a), however it does not follow that the information needs to be turned over to petitioner directly in order to meet the ICWA's goal. Petitioner seeks the information to establish tribal affiliation rather than to discover the identity of her natural parents. The judge can appoint a person to review the adoption records, conduct an investigation and report to the court the tribal affiliation, if any, of petitioner's natural parents. The cost of this investigation shall be borne by petitioner and approved by the court. Once tribal affiliation is established, additional information required to establish petitioner's tribal membership shall be disclosed, as needed, in the same fashion.
*197 The order denying access to court and agency adoption records is reversed. The matter is remanded to the Chancery Division, Family Part, Essex County for further proceedings.
NOTES
[1] The Society's records are currently in the custody of the Youth Consultation Service.
[2] Those benefits include: 1) Eligibility for scholarships, educational grants and loans, 25 U.S.C. §§ 1612, 1613, 1613a, 2623, 3331-3338 and 3351-3355; 2) eligibility for general purpose loans and loan guarantees, 25 U.S.C. §§ 1461-1469, 1481-1499; 3) preferential hiring and contracting with the federal government, 25 U.S.C. §§ 47, 472a, 1614, 1633; 4) access to business grants, 25 U.S.C. §§ 1521-1522; 5) potential for per capita payments from federal or tribal government, 25 U.S.C. §§ 1401-1408, 2710(b)(3); and 6) access to free health care and other government services, 25 U.S.C. §§ 13, 1601-1683, 450a-450n.