# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0164-16T3

IN THE MATTER OF THE ADOPTION
OF A CHILD BY W.H.A. AND M.B.S.

Submitted May 24, 2018 — Decided June 6, 2018

Before Judges Simonelli and Rothstadt.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Monmouth
County, Docket No. FA-13-1976-00.

W.A., appellant pro se.

Birdsall & Laughlin, LLC, attorneys for
respondent Monmouth County Surrogate (David A.
Laughlin, of counsel and on the brief; Robert
M. Ford, on the brief).

PER CURIAM

Appellant W.A. appeals from the June 13, 2016 Chancery

Division order, which denied his request to the Monmouth County

Surrogate to unseal the record of his alleged adoption by W.H.A.

and M.B.S. We affirm.

Appellant was born in Atlantic City on July 16, 1956, and

claimed that K.H. and A.H. were his birth parents based on a July

18, 1956 newspaper article stating that twin boys were born to

these individuals in Atlantic City on that date. Appellant allegedly found the article in 1966 or 1967 in the bedroom closet of his alleged adoptive parents, W.H.A. and M.B.S.

Appellant filed a motion with the Chancery Division, Monmouth County pursuant to Rule 5:10-13(a) to unseal the record his adoption by W.H.A. and M.B.S.[1] In a June 13, 2016 order and written opinion, the court denied the motion, finding "there is no record to unseal. A search of the database reveal[ed] that there are no records associated with [a]ppellant's case." This appeal followed.

As a threshold matter, we note that appellant's notice of appeal states he is only appealing from the June 13, 2016 order. "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2018); see also 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). Thus, arguments appellant raised for the first time on a motion for reconsideration, which he reiterates here, are not properly

---

[1] Appellant had previously filed a motion in the Chancery Division, Atlantic County, to unseal the record of his adoption by W.H.A. and M.B.S. The court ultimately held the record of such adoption could not be located after a diligent and proper search by the Atlantic County Surrogate's Office, and the record of such adoption did not exist in Atlantic County.

A-0164-16T3

before us. We limit our review to the issues related to the June 13, 2016 order.

Following an adoption, the State Registrar places the adoptee's original birth certificate and all related documents "under seal." N.J.S.A. 26:8-40.1(c). The seal "shall not be broken except by order of a court of competent jurisdiction[.]" N.J.S.A. 26:8-40.1(c)(1). Because parties, such as adult adoptees, may have an interest in disclosure of their original birth certificates, which countervails the birth parents' right to privacy, courts may break the seal "upon good cause shown[.]" Mills v. Atlantic City Dep't of Vital Statistics, 148 N.J. Super. 302, 312 (Ch. Div. 1977); see also In re Adoption of Mellinger, 288 N.J. Super. 191, 196 (App. Div. 1996). Under N.J.S.A. 9:3-31 (repealed by L. 1977, c. 367, § 20), courts retained "the power to weigh and balance the competing privacy rights and make a determination based on the facts and circumstances of each individual case." Mills, 148 N.J. Super. at 312; accord N.J.S.A. 9:3-52(a) (all documents under seal must remain so "unless the court, upon good cause shown," otherwise orders the documents be unsealed). Accordingly, the court "must weigh the adoptees' needs against the natural parents' rights." Mills, 148 N.J. Super. at 319.

The party seeking to unseal adoption records must be a "member[] of a class in which there is an overwhelming State interest [and] must demonstrate good cause[.]" Id. at 313. When an adult adoptee requests access to his own birth records, "the burden of proof . . . shift[s] to the State to demonstrate that good cause is not present." Id. at 318. "Requests for medical, hereditary or ethnic background information should be granted, absent some showing of compelling reasons not to reveal the information." Ibid.

In Mills, the court established a detailed procedure to be followed when an individual requests unsealing of adoption records. When an adoptee makes a request to the court, the request must "be referred to an intermediary agency for investigation[.]" Id. at 320. Specifically, the requests are assigned to the agency that made the adoptive placement, or another agency selected by the court if the original agency no longer exists. Id. at 320-21. The agency handling the inquiry acts "as an arm of the court and will have full freedom in its response to the request, including use of the official court record." Id. at 321. "[T]he agency should work to meet the explicit request of the adoptee if feasible[,]" and if the agency or the biological parent "refuses to consent to the divulgence of identifying data, the adoptee shall have the right to appeal" to the Chancery Division. Ibid.

4

If the natural parent consents, "disclosure should be automatic." Ibid. "[W]here the agency's investigation fails to locate the natural parents[,] the adoptee may appeal to the [Chancery Division] for the information necessary to carry on the search." Ibid.

Here, the Monmouth County Surrogate's Office conducted an investigation and reported it found no record of an adoption of a child by W.H.A. and M.B.S. If the County Surrogate determines that an adoption did not occur in the county in which the request was received, his or her only responsibility is to inform the requesting party "that there is no record of the adoption in that county and that no further action will be taken on the request." R. 5:10-13(c). There is no authority requiring the Surrogate to make any inquiry to the State of New Jersey or take any other action beyond a search of the records maintained in the County Surrogate's Office.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0164-16T3